Hale, J.
We hold that the court erred in the charge to the jury in submitting as a proposition of law applicable to the case, the following:
“If the person to whom the defendants relegated and delegated the power of inspection, had charge, not only of the inspection, but the repair of the machinery, .so that it was the duty of the person, not only to inspect, but to make all necessary repairs thereon, and had control of that machine and appliances for that purpose, then the failure of the person thus authorized to act for the defendants in and about that business to exercise ordinary care in the inspection of the same, would be actionable negligence; or, in other words, it would not come within the risks assumed by the plaintiff in entering the employ of the defendants.’’
In connection with this proposition, the court properly stated to the jury, in substance, that a person tmployed to inspect machinery in use and having simply the duty of inspection in coj nection with the operation of the machinery, was a fellow servant of tne plaintiff, and his negligence in making the inspection and in failing to report to his employer, would not be actionable negligence.
In the case of McCafferty v. Dock Company, in the 11th Circuit Court Reports, 447, this court held that a person employed to repair and keep in repair machinery, was a fellow-servant of the employe whose duty it was to operate the machinery where neither had control over the other. The. judgment of this court in that case was affirmed by the supreme court, and is now followed by us.
If one employed solely to inspect, and one employed solely to repair, are fellow-servants of the employe operating the machinery, one charged with both duties necessarily is a fellow-servant of such employe.
We can not hold as asked, that this charge was not prejudicial under the facts of this case. Under this instruction, if the company, in fact, exercised the greatest care in the selection of the person to inspect and repair this machinery, and one in every respect competent to perform the duties required in such employment, and also gave to such employe the most positive instructions to be careful snd vig *358 ilant in the performance of such duties, and the jury had so found, but had'further found that the injuries resulted from the negligence of such servant, the verdict must have been against the plaintiff in error, which certainly could not be justified.
Wilcox & Friend, for Plaintiff in Error.
Johnson & Dunlap for Defendant in Error.
We find no other error for which the case should be. reversed.
Reversed and remanded for a new trial.